United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 8, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-50040
Summary Calendar

INOCENCIO LARA TRUJILLO,

Plaintiff-Appellant,

versus

ARCE, Dr.; NFN HARRIS,

Defendants-
Appellees.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-359-JN
-----------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

In this Bivens[**] action, Inocencio Lara Trujillo, federal prisoner # 11249-179, proceeding pro

se and in forma pauperis, appeals the entry of summary judgment in favor of the sole

---

   [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

   [**]  See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403
U.S. 388 (1971).

remaining defendants, Dr. Arce, a staff physician at the T. Don Hutto Correctional Facility, and Mr. Harris, the chief of the medical department at that facility. On appeal, Trujillo makes no specific argument with respect to the district court's dismissal of his claims against Harris. Trujillo has thus abandoned any challenge to the district court's entry of summary judgment dismissing his claims against Harris. See Haines v. Keener, 404 U.S. 519, 520 (1972); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Trujillo contends that Arce violated his Eighth Amendment rights by treating his neck, shoulder, and arm pain, following a negative x-ray, with Ibuprofen and muscle relaxers, instead of referring him to a specialist for more testing. A grant of summary judgment is reviewed de novo under the same standard applied in the district court. Abbott v. Equity Group, Inc., 2 F.3d 613, 618-19 (5th Cir. 1993). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). If the movant points out the absence of evidence supporting the nonmovant's claims, the nonmovant must set forth specific facts showing a genuine issue for trial. Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (en banc).

The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

The uncontested summary-judgment evidence indicates that an x-ray was performed in response to Trujillo's complaints of pain and that the x-ray did not indicate any internal problems. Arce treated Trujillo's pain with Ibuprofen and muscle relaxers. Arce's decision to continue treating the pain with medication and monitoring Trujillo's progress rather than to refer him to a specialist shows only a difference of opinion as to the proper course of treatment. Trujillo has failed to show any genuine issue of fact material to whether Arce acted with deliberate indifference to Trujillo's health problem.

AFFIRMED.